## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TIMOTHY R. DUFFEY,**
**Claimant Below, Petitioner**

**vs.)   No. 21-0304** (BOR Appeal No. 2055932)
                    (Claim No. 2019022906)

**OFFICE OF MINER'S HEALTH,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy R. Duffey, by Counsel Edwin H. Pancake, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Office of Miner's Health, by Counsel Jillian L. Moore, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied a referral to neurosurgery on July 11, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its October 22, 2020, Order. The Order was affirmed by the Board of Review on March 18, 2021.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Duffey, a state inspector, was injured on April 17, 2019. An incident report indicates Mr. Duffey was using a gauge to check a panel that day. He dropped the gauge, and when he bent over, he struck his left rib cage on a joystick and also injured his back. The Employees' and Physicians' Report of Injury, completed the following day, indicates Mr. Duffey injured his left ribs. He was diagnosed with chest wall contusion at Boone Memorial Hospital and was restricted from lifting more than five pounds for three days.

On April 18, 2019, Mr. Duffey was seen at Boone Memorial Hospital Emergency Department for left anterior chest wall pain that radiated into the left scapula. Mr. Duffey was diagnosed with a left front wall thorax contusion. On April 9, 2019, Mr. Duffey had a follow-up for hypertension with his regular physician, Malcolm Chaney, M.D. Dr. Chaney diagnosed hypertension, chronic insomnia, and costochondritis.[1]

Mr. Duffey sought treatment from Boone Memorial Hospital on May 12, 2019, for chronic back pain. Mr. Duffey returned on May 15, 2019, and reported left rib and back pain. A thoracic x-ray was taken and was normal. Mr. Duffey began seeing Richard Knapp, M.D., on May 21, 2019, for his compensable injury. Dr. Knapp diagnosed contusion of the left front thorax wall. The following day, Mr. Duffey underwent a thoracic MRI which showed a large central disc herniation at T12-L1, central canal stenosis, and possible cord impingement. At C7-T1, there was a suggestion of a right foraminal disc herniation. The MRI also revealed a left foraminal disc protrusion and osteophyte with foraminal stenosis at T1-2. The claim was held compensable for contusion of the left front thorax wall on May 30, 2019.

In a June 6, 2019, Physician Review, Rebecca Thaxton, M.D., recommended that thoracic disc herniation/displacement not be added to the claim. She opined that the mechanism of injury was not consistent with the disc herniations seen on the May 22, 2019, MRI. Further, the symptoms reported on May 15, 2019, were new, and therefore not related to the compensable injury. The claims administrator denied a referral to neurosurgery on June 13, 2019.

---

[1]Costochondritis is inflammation of the cartilage that joins the ribs to the breastbone.

On July 11, 2019, the StreetSelect Grievance Board affirmed the denial of a referral to neurosurgery. It found that Mr. Duffey saw Dr. Knapp on May 21, 2019, and reported that his rib injury was better but his thoracic spine continued to hurt. Dr. Knapp then requested a referral to neurosurgery. The StreetSelect Grievance Board found that the referral was unnecessary because the thoracic spine was not a compensable component of the injury. The claims administrator denied a referral to neurosurgery on July 11, 2019.

A September 29, 2019, treatment note from Boone Memorial Hospital indicated Mr. Duffey was seen for acute mid back pain, thoracic pain, and acute low back pain. Mr. Duffey was excused from work from September 29, 2019, through October 3, 2019. He could then return with no restrictions.

Bill Harden and Danny Oliver, coworkers of Mr. Duffey, completed a signed statement on October 8, 2019, in which they asserted that on April 17, 2019, Mr. Duffey dropped a gauge, bent over to pick it up, and struck his ribs and back on a joystick. Mr. Harden and Mr. Olive immediately helped Mr. Duffey out of the coal hauler deck. Mr. Duffey attempted to finish his work after resting for a few minutes but was unable to do so due to pain.

Mr. Duffey testified in an October 29, 2019, deposition that he was initially diagnosed with bruised ribs and was told they take six to eight weeks to heal. At the time of the deposition, Mr. Duffey still had rib and back pain. Approximately a month after the injury, he ran out of pain medication and had to leave work to seek treatment from CAMC Emergency Room. Mr. Duffey testified that he underwent a thoracic MRI, and Dr. Knapp diagnosed herniated thoracic discs. Dr. Knapp referred Mr. Duffey to a neurosurgeon. Mr. Duffey denied any back pain prior to the compensable injury. Since the compensable injury occurred, he experienced constant back pain. In a December 30, 2019, statement, Mr. Duffey asserted that he reported both rib and back pain from the moment his injury occurred.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on July 20, 2020, in which he diagnosed resolved left chest wall/left rib contusion. He opined that there was no credible objective evidence that Mr. Duffey injured his thoracic spine and no need for a referral to a neurosurgeon. Dr. Mukkamala stated that Mr. Duffey had reached maximum medical improvement and suffered no permanent impairment as a result of the compensable injury.

The Office of Judges affirmed the claims administrator's denial of a referral to a neurosurgeon in its October 22, 2020, Order. The referral request was made by Dr. Knapp to address Mr. Duffey's thoracic spine issues. The Office of Judges found that no physician of record attributed the thoracic MRI findings to the compensable injury, and Dr. Knapp's notes failed to discuss the causality between the compensable injury and the alleged thoracic injury. The Office of Judges noted that the only condition held compensable in this claim was left front thorax wall contusion. The Office of Judges found that Mr. Duffey was evaluated by his treating physician two days after the compensable injury. At that time, Mr. Duffey reported rib pain due to the work accident, but Dr. Chaney did not note back pain in his treatment record. Back pain was only mentioned in the nurse's notes. The Office of Judges also found that Mr. Duffey's MRI findings did not correspond with the pain diagram he completed in his incident report. The MRI findings

3

were at the very top and lower thoracic spine and Mr. Duffey reported pain in his mid-thoracic spine.

The Office of Judges found Dr. Thaxton's Physician Review to be reliable. She recommended against the addition of thoracic disc herniation/displacement to the claim. Dr. Thaxton opined that the mechanism of injury was not consistent with a thoracic spine injury. Further, Mr. Duffey did not initially report thoracic spine symptoms. The Office of Judges noted that Dr. Thaxton's review was supported by Dr. Mukkamala's Independent Medical Evaluation. The Office of Judges concluded that a neurosurgical referral was not medically related or reasonably necessary treatment for the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 18, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1(a), workers' compensation benefits shall be provided to those employees who have received personal injuries in the course of and as a result of their covered employment. West Virginia Code § 23-4-3(a)(1) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. The only compensable condition in the claim is left front thorax wall contusion. A preponderance of the evidence indicates that the neurosurgical referral was requested to address Mr. Duffey's thoracic spine issues. Such issues are not compensable, and the referral was therefore properly denied.

Affirmed.

**ISSUED: September 19, 2022**


**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

4